Mark Brnovich
Attorney General
Firm State Bar No. 14000

Matthew A. Silverman
Assistant Attorney General
State Bar No. 018919
Office of the Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-7774
Facsimile: (602) 542-4273
Email: Matthew.Silverman@azag.gov
Attorneys for the State of Arizona
 *ex rel.* Arizona Department of Revenue

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DUFL INC.,<br>EIN: 47-1824595<br><br>Debtor. | Chapter 11<br><br>Case No. 2:20-bk-08464-MCW<br><br>**OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION FOR DUFL, INC.**<br><br>Hearing Date: December 15, 2020<br>Hearing Time: 11:00 a.m.<br>Hearing Place: Telephonic<br>230 North First Avenue, Phoenix, AZ |

State of Arizona *ex rel.* Arizona Department of Revenue ("Department") objects to the *Plan of Reorganization for Dufl, Inc.* ("Plan") filed on October 20, 2020 (Docket No. 59). This Objection is supported by the following Memorandum of Points and Authorities.

### **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     Factual and Procedural History**

1.      On July 22, 2020, Debtor filed a petition for reorganization under Chapter 11 of

Title 11, United States Code.

2. Debtor does business in the State of Arizona and is required to file and pay certain tax liabilities to the Department, including corporate income ("COR"), transaction privilege (TPT") and withholding ("W/H") tax returns.

3. The Department filed a proof of claim, establishing that it has a priority claim in the amount of $81,502.61, and a general unsecured claim in the amount of $10.54. A true and accurate copy of the Department's *First Amended Proof of Claim,* dated August 24, 2020, is No. 1-2 on the Claims Register.

4. The Department had to estimate the liability because Debtor failed to file the following tax returns:

- TPT returns for the periods February 2016 through June 30, 2020
- WTH returns for the quarters ending March 31, 2020 and June 30, 2020.

5. The Department filed its administrative expenses claim, in the estimated amount of $10,000.00. A true and accurate copy of the Department's *First Amended Administrative Expenses Claim*, dated October 23, 2020, is No. 12-1 on the Claims Register.

6. The Department had to estimate the liability because Debtor failed to file the following tax returns:

- TPT returns for the periods July 2020 through October, 2020
- WTH returns for the quarters ending September 30, 2020.

5. The Department now objects to the Debtor's Plan.

**II. Argument**

The Bankruptcy Code sets forth the requirements for confirmation of a Chapter 11 Plan. 11 U.S.C. § 1191 The Debtor has not complied with the requirements and the Department

notes that the Plan does not: (1) provide for a priority claim for the Department with interest; (2) provide that gap interest on the Department's claim is non-dischargeable; and (3) provide adequate default language. For all these reasons, the Plan does not meet the requirements under the Bankruptcy Code and therefore cannot be confirmed.

### A. The Plan Fails to Provide for Timely Payment of the Department's Administrative Expenses Claim.

The Department has an Administrative Expenses claim. The Department's Administrative Expenses claim is the result of Debtor's failure to file and pay TPT and WTH listed above. *See* 11 U.S.C. § 507(a)(2).

Title 11 U.S.C. § 1129(a)(9)(A) requires a Plan to provide the holder of an allowed Administrative Expenses claim, cash in the claim amount on the Effective Date. Further, the Plan must provide for payment of interest and penalties on administrative claims under 11 U.S.C. § 503(b)(1)(C). *In re Mark Anthony Constr., Inc.*, 886 F.2d 1101, 1108 (9th Cir. 1989). The Plan fails to provide for the Department's Administrative Expenses Claim as it fails to provide a date certain as to when the Debtor will file the outstanding TPT and WTH returns.

Since the Plan fails to provide for the Department's Administrative Expenses Claim, including penalties and interest, on the Effective Date, the Plan cannot be confirmed. 11 U.S.C. § 1129(a)(9)(A).

### B. The Plan Fails to Provide for Appropriate Payment of the Department's Priority Claim.

The Department holds an allowed priority claim. Section 1129(a)(9)(C) requires that the Plan provide the following treatment for priority claims:

> [T]he holder of such claim will receive on account of such claim regular

installment payments in cash –

    (i)    of a total value, as of the effective date of the plan, equal to the allowed amount of such claim;

    (ii)    over a period ending not later than 5 years after the date of the order for relief under section 301, 302, or 303; and

    (iii)    in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under section 1122(b))[.]

Section 1129(a)(9)(C) is made applicable to a Chapter 11 subchapter V by Section 1191(b).

The Plan does not provide for any treatment of the Department's priority claim or an appropriate interest rate, which is required to pay the value as of the effective date. The Plan fails to provide a date certain as to when the Debtor will file all of the tax returns listed on the Department's claim.

Since the Plan fails to provide for payment of the Department's priority claim, including providing a date certain as to when the Debtor will file the tax returns listed on the Claim, or provide an affidavit stating why he is not required to file tax returns, as well providing to pay interest at the statutory rate, the Plan cannot be confirmed. 11 U.S.C. § 1129(a)(9)(C).

    **C.**    **The Plan Contains Inadequate Default Language For the Department's Claims**

The Plan fails to provide default language in the event that the Debtor fails to make a payment under the confirmed Plan on the Department's priority claim or if the Debtor fails to file and pay any tax return that may come due during the pendency of this Plan.

The Debtor's failure to comply with the aforementioned and the Plan provisions concerning the liability owed to the Department which includes, but is not limited to, the failure to make the full and timely payments, shall constitute a default of the Plan. If the Debtor fails to cure the default within ten (10) days after written notice of the default from the Department or its agents, to the Debtor and the Debtor's counsel of record, the entire balance due the Department shall be immediately due and owing. Further, in the event of a default, the Department may enforce the entire amount of its claim, exercise any and all rights and remedies under applicable non-bankruptcy law which includes, but is not limited to, state tax collection procedures, and obtain any other such relief deemed appropriate by the Bankruptcy Court. The Debtor shall have the opportunity to cure two (2) times over the life of the Plan. In the event of a third default, the Department may proceed with its state law remedies for collection of all amounts due under state law.

## III. Conclusion

Based on the foregoing, the Department requests this Court to deny confirmation of the Plan as failing to meet the requirements of 11 U.S.C. § 1191.

## REQUEST FOR RELIEF

**WHEREFORE**, the Arizona Department of Revenue prays as follows:

1. That confirmation of the Chapter 11 Plan as proposed by the Debtor be denied or, in the alternative, for the Debtor to remedy the objections stated herein in either an amended plan or the order confirming;

2. That the failure of the Debtor to remedy the objections stated herein to conform with the Bankruptcy Code in a reasonable time, that the Court dismiss or convert this case to a Chapter 7; and

3. For such other and further relief as this Court deems just and proper

\\.\\.\\.
\\.\\.\\.
\\.\\.\\.
\\.\\.\\.

RESPECTFULLY SUBMITTED this 8th day of December, 2020.

      MARK BRNOVICH
      Attorney General

      /s/ MS No.018919
      Matthew A. Silverman
      Assistant Attorney General
      Attorneys for the State of Arizona
       *ex rel*. Arizona Department of Revenue

ORIGINAL of the foregoing filed electronically this 8th day of December, 2020 with:

United States Bankruptcy Court
230 North First Avenue, Suite 101
Phoenix, AZ 85003

COPY of the foregoing sent for mailing or by email* this 8th day of December, 2020 to:

| | |
|---|---|
| Isaac M. Gabriel, Esq. * | Edward K. Bernatavicius, Esq. * |
| Quarles & Brady LLP | Office of the U.S. Trustee |
| 2 North Central Avenue | 230 North 1st Avenue, Suite 204 |
| Phoenix, AZ 85004 | Phoenix, AZ 85003 |
| Email: isaac.gabriel@quarles.com | Email: edward.k.bernatavicius@usdoj.gov |
| *Attorney for Debtor* | *Attorney for the U.S. Trustee* |

Jody Corrales, Esq. *
DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd, Suite 200
Tucson, AZ 86716
Email: jcorrales@dmyl.com
*Chapter 11 Subchapter V Trustee*

_____
R. Scott Graves