# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
## Minute Entry

### Hearing Information:

| | |
|---|---|
| **Debtor:** | DUFL, INC. |
| **Case Number:** | 2:20-BK-08464-MCW    **Chapter:** 11 |
| **Date / Time / Room:** | WEDNESDAY, APRIL 07, 2021 01:30 PM   7TH FLOOR #702 |
| **Bankruptcy Judge:** | MADELEINE C. WANSLEE |
| **Courtroom Clerk:** | TAYLER CARTER |
| **Reporter / ECR:** | N/A |

### Matters:

1) CONTINUED PLAN CONFIRMATION HEARING
   R / M #:   59 / 0

2) ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED OR CONVERTED (SET IN OPEN COURT ON 02-18-2021)
   R / M #:   59 / 0

### Appearances:

EDWARD BERNATAVICIUS, ATTORNEY FOR TRUSTEE
JODY ANN CORRALES, SUBCHAPTER V TRUSTEE
ISSAC GABRIEL, ATTORNEY FOR DUFL, INC.
WILLIAM RINEHART, PRINCIPAL OF THE DEBTOR

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)... 2:20-BK-08464-MCW  WEDNESDAY, APRIL 07, 2021 01:30 PM

## *Proceedings:*

Mr. Bernatavicius states Mr. Gabriel is having some technical difficulties.

Mr. Gabriel provides an update. He states there will not be funding from the equity investors to allow continued operations. He notes a plan filed in October. He discusses the landlord has not received payments. He spoke with Ms. Corrales and Mr. Bernatavicius regarding the dismissal of the case. He notes there is a remaining retainer in the trust account. He expresses splitting the fees pro-rata. He explains Mr. Rinehart agreed to fund $2,000.00 of Ms. Corrales' outstanding fees.

Court: The Court understands the pandemic has been difficult for the business. The Court reviews Rule 1017. The Court notes a notice was not provided to the creditors. The Court states it has the authority to dismiss the case sua sponte.

Ms. Corrales responds to the Court's questions. She agrees with Mr. Gabriel's analysis. She notes some creditors have not actively participated in the case. She spoke with Mr. Gabriel and Mr. Bernatavicius. She explains she has submitted invoices through March 31, 2021. She states the fees are approximately $4,500.00. She agrees that dismissal is appropriate. She believes this is adequate notice.

Mr. Bernatavicius responds to the Court's questions. He states the some of the creditors decided not to continue investments with the debtor. He thinks there is urgency to get the product to the customers. He agrees with Mr. Gabriel's analysis. He believes dismissal is in the best interest of the estate and the creditors. He has reviewed Ms. Corrales' invoices.

Mr. Gabriel responds to the Court's questions. He discusses an order is sufficient. He has nothing further to add.

COURT: THE COURT STATES IT HAS WATCHED THE CASE WITH INTEREST. THE COURT FINDS AND CONCLUDES THERE IS CAUSE TO DISMISS BASED UPON THE INABILITY TO OBTAIN THE CASH INFUSION THAT WILL ALLOW THE CASE TO MOVE FORWARD. THE COURT ALSO FINDS THAT NOTICE FOR TODAY'S HEARING AND THE POTENTIAL DISMISSAL IS APPROPRIATE UNDER THE CIRCUMSTANCES. THE COURT EXPRESSES DISMISSAL IS IN THE BEST INTEREST OF THE CREDITORS AND THE ESTATE. THE COURT NOTES THE POTENTIAL EFFORTS BY THE LANDLORD TO RETRIEVE THE PREMISES AND WILL IMPERIL THE PROPERTY THAT BELONGS TO THIRD PARTIES. FOR THE REASONS STATED, IT IS ORDERED DISMISSING THE CASE. THE COURT NOTES THE PARTIES STIPULATED ORDER WILL CONTAIN ADDITIONAL TERMS OF A PRO-RATA SPLIT OF A REMAINING RETAINER IN MR. GABRIEL'S ACCOUNT. THE COURT UNDERSTANDS MR. RINEHART HAS OFFERED TO PAY SOME OF THE FUNDS THAT MS. CORRALES INCURRED. THE COURT COMMENDS THE PARTIES FOR THEIR EFFORTS. THE COURT NOTES A MS. CORRALES AND MR. BERNATAVICIUS WILL SIGN THE ORDER.

The parties have nothing further to add.